UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRITTANY LAPRINCESS WILLIAMS,

    Plaintiff,

v.                                Case No. 8:25-cv-1370-TPB-CPT

SEMINOLE HARDROCK HOTEL
AND CASINO,

    Defendant.
_____/

**ORDER DISMISSING COMPLAINT AS FRIVOLOUS AND CLOSING CASE**

This matter is before the Court *sua sponte* on Plaintiff Brittany Williams's *pro se* complaint, filed on May 28, 2025. (Doc. 1). After reviewing the complaint, court file, and the record, the Court finds as follows:

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does

not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

Plaintiff -- a current inmate at the Lowell Correctional Institution in Ocala, Florida -- has filed a civil complaint against Defendant Seminole Hard Rock Hotel and Casino. In her complaint, Plaintiff alleges that Defendant is "violating her right to no cruel and unusual punishment" and "is a state actor by using Florida's rule that behavioral misconduct is illegal and punishable by death." She claims that "[t]he connection between Plaintiff and Defendant is that both are a kind of Indian. . . [m]aking them spiritually connected." She appears to blame Defendant for the injuries and deaths of several family members beginning in 1997, and for "child removals" by the Florida Department of Children and Families. She requests **$5.2 billion dollars** for "cruel and unusual spiritual, eventually physical death, child removals, and traumas."

Upon review, the Court finds that the complaint is woefully inadequate and cannot support a cause of action against Defendant. Initially, the Court finds that the complaint is essentially incomprehensible. Plaintiff has failed to provide a "short and plain" statement of the facts. *See* Fed. R. Civ. P. 8. Instead, the complaint consists of "a rambling series of incomprehensible allegations." *See Beekman v. Fed. Home Loan Mortg. Corp.*, No. 16-81477-CIV-MARRA, 2017 WL 7733274, at *2 (S.D. Fla. Nov. 2, 2017) (internal quotation omitted). The paragraphs contain a "confusing combination of facts, legal analysis, and bare accusations." *See Thomason v. Ala. Home Builders Licensure Board*, 741 F. App'x 638, 641 (11th Cir. 2018). Because Plaintiff has failed

to place Defendant on notice of the claims against it or advance any plausible claim upon which relief can be granted, her complaint must be dismissed.

Normally, a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," unless amendment is futile. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). A district court may dismiss a complaint *sua sponte* if the complaint is patently frivolous. *See Guthrie v. United States Gov't*, No. 17-80390-MIDDLEBROOKS, 2017 WL 5479877, at *2 (S.D. Fla. Mar. 31, 2017) (internal citations omitted); *Morris v. Bush*, No. 1:07-cv-00187-MP-AK, 2008 WL 4525016, at *1 (N.D. Fla. Oct. 6, 2008). "A complaint is frivolous 'where it lacks an arguable basis either in law or in fact.'" *Guthrie*, 2017 WL 5479877, at *2 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

A review of the complaint shows that Plaintiff's allegations are patently frivolous, completely irrational, and wholly incredible. Because the allegations are frivolous and any amendment would be futile, this action should be dismissed with prejudice. *See Gary v. United States Gov't,* 540 F. App'x 916, 916-18 (11th Cir. 2013) (affirming the *sua sponte* dismissal of complaint with prejudice where the plaintiff sued a number of high-level government officials and intelligence agencies, alleging that they had implanted microchips into her body that were "used to conduct biomedical research regarding her reproductive system, to track her movements, and to cause her pain"); *Qamar v. C.I.A.*, 489 F. App'x 393, 395 (11th Cir. 2012) (holding district court did not abuse discretion when dismissing as frivolous plaintiff's complaints involving alleged rapes inside the jail); *Guthrie*, 2017 WL 5479877, at *2-3 (*sua sponte* dismissing complaint with prejudice where the plaintiff sued the United

States government, along with other parties, for committing crimes and torts against him over a thirteen year period, including allegations that the government conspired to "burgle his home, drug him, and install surveillance").

**Plaintiff is warned that if she files frivolous cases in this Court, she may be subject to sanctions pursuant to Federal Rule of Civil Procedure 11(c), including monetary sanctions or injunctive relief directing the Clerk to not accept future filings by Plaintiff without first obtaining prior leave of the Court.**

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff's complaint (Doc. 1) is **DISMISSED AS FRIVOLOUS**.
2. The Clerk is directed to terminate any pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 4th day of June, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE